28 F.3d 107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Zepedas MONTES, Petitioner-Appellant,
v.
Brian GUNN, Respondent-Appellee.
 No. 93-56361.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 8, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Zepedas Montes, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition for failure to exhaust state remedies. Following a jury trial, Montes was convicted for first degree murder with use of a firearm. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir.1993), and affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 516 (1982). "[A] district court must dismiss 'mixed petitions' that include both exhausted and unexhausted claims." Schwendeman v. Wallenstein, 971 F.2d 313, 315 (9th Cir.1992), cert. denied, 113 S.Ct. 975 (1993). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. Picard v. Connor, 404 U.S. 270, 275 (1971); Henry, 993 F.2d at 1425. A federal claim is fairly presented if the petitioner has described the operative facts and legal theory upon which the claim is based. Henry, 993 F.2d at 1425.
 
 
 4
 Here, Montes has failed to exhaust his state remedies with respect to his claims of a Miranda violation, prosecutorial misconduct, and the denial of the right to compulsory process. First, Montes has not exhausted his Miranda claim because he failed to present the operative facts to the California Supreme Court. See Henry, 993 F.2d at 1425. Montes referred briefly to the lack of a Miranda waiver in both his petition for review and his habeas corpus petition filed with the California Supreme Court. He did not argue, however, that the police completely failed to administer Miranda warnings until he filed his federal habeas petition. Moreover, in his federal habeas petition, Montes contends for the first time that he was obliged to waive his Fifth Amendment right against self-incrimination and testify at trial because of the admission of his prior involuntary statements. Montes has not exhausted his Miranda claim because he failed to fairly present this issue to the California Supreme Court. See id.[1]
 
 
 5
 Second, Montes has failed to exhaust state remedies with respect to his prosecutorial misconduct claim. Montes concedes that he only presented this claim to the California Supreme Court as part of his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel is separate from the underlying issue because a court could resolve the ineffective assistance of counsel claim without resolving the merits of the underlying issue. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (to successfully demonstrate ineffective assistance of counsel, defendant must show both that his attorney's conduct was unreasonable and that his attorney's deficient performance prejudiced defendant). Montes has not fairly presented his prosecutorial misconduct claim to the California Supreme Court. See Henry, 993 F.2d at 1425.[2]
 
 
 6
 Finally, Montes concedes that he has not presented his compulsory process claim to the California Supreme Court but argues that exhaustion would be futile. Whether or not futility remains a valid exception to exhaustion is questionable. See Noltie v. Peterson, 9 F.3d 802, 805-06 (9th Cir.1993). Even if the futility doctrine still exists, it does not apply to Montes's contention that the California Supreme Court would deny his compulsory process claim because it rejected all of his other nonfrivolous claims. See id. at 805 (exhaustion futile where highest state court has recently addressed petitioner's specific issue).[3] Accordingly, the district court properly dismissed Montes's habeas petition for failure to exhaust state remedies. See 28 U.S.C. Sec. 2254(b); Henry, 993 F.2d at 1425.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Montes contends that he has exhausted his Miranda claim because this issue was subsumed in his coerced confession claim. This contention lacks merit because Miranda sweeps more broadly than the Fifth Amendment. See Withrow v. Williams, 113 S.Ct. 1745, 1752 (1993). Although failure to provide Miranda warnings and coercive police tactics may both affect the voluntariness of a confession, these claims are factually distinct. See id. at 1754. Montes must fully develop the facts of his Miranda claim and present them to the California Supreme Court in order to exhaust his state remedies. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1719 (1992)
 
 
 [2]
 On appeal, it is unclear whether Montes is attempting to pursue his prosecutorial misconduct claim separately or merely as a part of his ineffective assistance of counsel claim. However, in his federal habeas petition, Montes clearly raised the prosecutorial misconduct claim as a separate issue. To the extent Montes has raised a separate prosecutorial misconduct claim, this claim is unexhausted
 
 
 [3]
 Although Montes agrees to waive this issue, he still must return to the state courts to exhaust his Miranda and prosecutorial misconduct claims