53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard A. BUTTERFIELD, Petitioner-Appellant,
v.
STATE OF WASHINGTON; Tana Wood, Respondents-Appellees.
 No. 94-35885.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Butterfield, a Washington state prisoner, appeals pro se the district court's dismissal with prejudice of his petition for writ of habeas corpus. Butterfield was convicted of first-degree statutory rape following a bench trial in 1979. He claims on appeal that: he was denied due process when the state failed to collect or preserve physical evidence; the evidence was insufficient to support his conviction; and his trial counsel was ineffective. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review de novo a district court's denial of habeas relief. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994), cert. denied, 115 S. Ct. 333 (1994). We do not address Butterfield's claim regarding the state's failure to preserve evidence because he did not present this issue to the Washington State Supreme Court and because our failure to consider it would not work a fundamental miscarriage of justice. Therefore, the claim is procedurally defaulted. Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993).
 
 
 4
 Evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 419 (1979).
 
 
 5
 Here, the evidence showed that Butterfield entered the trailer house of Judy Yakubek, the victim's mother, at approximately 3:00 a.m. He woke Yakubek, and she asked him to leave. He agreed, but first asked her who was sleeping in the bedroom at the opposite end of the trailer. Yakubek told him it was her ten-year-old daughter, Darlene. Soon afterward, Darlene was awakened when her bedroom door shut. The person who entered the room got into her bed and put his finger into her vagina. She called for her mother, and the person left. Darlene looked out the window and saw a man in jeans and a striped tank shirt drive away in a red station wagon. Yakubek confirmed that Butterfield was dressed like the man Darlene described, and that she had seen Butterfield earlier driving a red station wagon. The day after the assault, an examining physician found abrasions on Darlene's vulva. The investigating detective testified that Butterfield admitted entering Darlene's bedroom and putting his finger into her vagina. Butterfield denied making these admissions to the detective. This evidence amply supports Butterfield's conviction. See United States v. Talbert, 710 F.2d 528, 530 (9th Cir. 1983), cert. denied, 464 U.S. 1052 (1984).
 
 
 6
 We review de novo a district court's determination that trial counsel rendered effective assistance. Smith v. Ylst, 826 F.2d 872, 875 (9th Cir. 1987), cert. denied, 488 U.S. 829 (1988). To prevail on a claim of ineffective assistance, a petitioner must show both that his counsel's performance was deficient and that this prejudiced his case. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986). Butterfield complains, first, that his counsel stipulated to the voluntariness of his confession. The record reflects that, rather than challenging the voluntariness of statements Butterfield allegedly made, trial counsel challenged the investigating detective's account of those statements. This strategy fell well within the range of competent assistance. See Strickland v. Washington, 466 U.S. 668, 694 (1984).
 
 
 7
 Next, Butterfield complains that his counsel did not request a hearing before trial to establish that his statements to the investigating detective were voluntary. The record shows that counsel challenged the content, not the voluntariness, of Butterfield's statements but that, in any event, the trial judge fully considered the voluntariness of Butterfield's statements before making a final disposition. Butterfield has shown neither deficient performance nor prejudice. See Kimmelman, 477 U.S. at 375.
 
 
 8
 We do not address Butterfield's claim that his counsel failed to object to the admission of hearsay testimony because he did not present this issue to the state supreme court. See Noltie, 9 F.3d at 804-05.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3