70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas William Sinclair RICHEY, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 95-35340.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas W.S. Richey appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. Sec. 2254. Richey contends: (1) the state appellate court violated his plea agreement; (2) the procedural bar imposed by the state court was inadequate to bar his sentencing claims; (3) and he demonstrated cause for his procedural default of his sentencing claim. We have jurisdiction under 28 U.S.C. Secs. 2253, 1291. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Because Richey did not contend in his petition in the district court that the state court violated his plea agreement, we do not address this claim. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995).
 
 
 4
 The Washington Supreme Court did not address the merits of Richey's claim challenging his exceptional sentence because it found that his personal restraint petition was untimely. The court also determined that his claim did not fall into any of the exceptions to the rule that personal restraint petitions must be filed within one year of a final conviction.
 
 
 5
 Federal courts will not consider a federal claim if the last state court rendering a reasoned decision finds the claim barred due to an independent and adequate state rule, unless the petitioner establishes cause and prejudice, or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993). In order to be an adequate bar, the procedural rule must be regularly and consistently applied. Paradis v. Arave, 954 F.2d 1483, 1493 (9th Cir.1992), vacated on other grounds, 113 S.Ct. 1837 (1993).
 
 
 6
 Washington's one-year time limit on the filing of personal restraint petitions is apparently applied regularly and consistently. See, e.g., In re Runyan, 853 P.2d 424, 435 (Wash.1993) (en banc). In any case, Richey fails to demonstrate that it is not. See Paradis, 954 F.2d at 1493 (petitioner must show inconsistent application of procedural bar). Richey's claim--that the Washington Supreme Court erred by finding that his sentencing claim did not fall within one of the exceptions to the rule that a prisoner petition must be filed within one year--is not cognizable in a federal habeas proceeding because it is based on errors of state law. See Estelle v. McGuire, 502 U.S. 62, 68 (9th Cir.1991); see also Paradis, 954 F.2d at 1493.
 
 
 7
 We have previously rejected Richey's claim that he was duped by state officials into not filing an appeal or personal restraint petition until it was too late. See Richey v. Riveland, No. 93-35688, unpublished memorandum disposition at 6 (9th Cir. June 9, 1994). We again note that Richey could have withdrawn his request to transfer to Scotland and filed a personal restraint petition, or filed a petition before he submitted a transfer request. Thus, because the actions of state officials did not prevent Richey from submitting a timely personal restraint petition, he fails to show cause for his procedural default. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 804-05.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3