78 F.3d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Joe BUSH, Petitioner-Appellant,
v.
Lou HESSE; Donice Neal, Respondents-Appellees.
 No. 95-35261.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eddie Joe Bush, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.[1] Bush challenged the revocation of his parole in a 1976 robbery conviction on the basis of his 1985 first degree assault and theft conviction. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), and affirm.
 
 
 3
 Bush contends that the district court erred in dismissing his claims as procedurally barred. This contention lacks merit.
 
 
 4
 When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993).
 
 
 5
 Bush filed a motion for release in the Washington Supreme Court on February 1, 1990. The Court construed his motion as a personal restraint petition and transferred the case to the Washington Court of Appeals pursuant to Wash.R.App.P. 16.3(c) and 16.5(b). The Washington Court of Appeals denied Bush's petition and Bush failed to seek review of the petition with the Washington Supreme Court within thirty days of the entry of judgment. See Wash.R.App.P. 13.4(a).
 
 
 6
 Bush then filed a federal habeas petition alleging that (1) he is being falsely imprisoned because the Washington Attorney General, not the Parole Board ("Board"), revoked his parole; (2) his confinement violates the Double Jeopardy Clause because the Board's power to revoke parole was terminated by the Sentencing Reform Act; and (3) the Attorney General and the Board conspired against him and committed fraud. Bush raised the first two claims in his personal restraint petition. Bush has never raised the third claim in any Washington proceeding.
 
 
 7
 As Bush concedes, he has procedurally defaulted on the first two claims by failing to seek review with the Washington Supreme Court within thirty days of the Court of Appeals entry of judgment. See Wash.R.App.P. 13.4; see also In re Rice, 828 P.2d 1086, 1092 (Wash.) (en banc), cert. denied, 506 U.S. 958 (1992) (noting that Washington law bars individuals from litigating a claim in a collateral challenge which was litigated in a previous collateral challenge). In addition, Bush cannot file another personal restraint petition raising his third, unexhausted claim. See Wash.Rev.Code § 10.73.140 (1995);[2] Rice, 828 P.2d at 1092. Thus, Bush is barred from federal habeas review unless he can show cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 805. Bush appears to contend that the Washington Supreme Court's denial of his request for expenses on appeal constitutes "cause" for his default. We agree with the district court that the denial of Bush's motion for expenditure of public funds does not constitute "cause." See id. Furthermore, because Bush has failed to make a colorable showing of factual innocence, his case does not fall into the narrow "fundamental miscarriage of justice" exception. See Noltie, 9 F.3d at 806.
 
 
 8
 Bush's contentions that the district court erred by denying his motions for an evidentiary hearing and for default judgment also lack merit. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (holding that petitioner is entitled to an evidentiary hearing only if he alleges facts that would entitle him to habeas relief); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."). Finally, Bush's contention that the district court failed to consider his exhibits is belied by the record.
 
 Accordingly, the district court order is
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bush initially filed his petition in the District of Colorado, where he is incarcerated pursuant to Colorado's Interstate Corrections Compact
 
 
 [2]
 Wash.Rev.Code § 10.73.140 provides in relevant part:
 If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.