107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David R. STOBAUGH, Petitioner-Appellant,
v.
Tana WOOD, Respondent-Appellee.
 No. 95-35684.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David R. Stobaugh, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. Stobaugh was convicted of four counts of first degree robbery. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Stobaugh contends that: (1) he received ineffective assistance of appellate and trial counsel; (2) he was entrapped into committing the crimes; and (3) the state allowed perjured testimony to be used against him. The state argues that Stobaugh has procedurally defaulted on all of these claims.
 
 
 4
 When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993).
 
 
 5
 Here, Stobaugh filed a supplemental pro se brief in the Washington Court of Court of Appeals challenging his conviction on the basis that he had been entrapped and that his trial and appellate counsel were ineffective for failing to pursue an entrapment defense. The Court of Appeals reached the merits of Stobaugh's pro se claims. Stobaugh then filed a petition for discretionary review with the Washington Supreme Court arguing that the Court of Appeals had erred in their consideration of his pro se claims and requested that the Supreme Court review his argument "in its entirety." For the first time, Stobaugh raised the issue that perjured testimony had been admitted at trial. The Washington Supreme Court denied the petition for review. Stobaugh then filed a federal habeas petition alleging that: (1) he received ineffective assistance of counsel; (2) he was entrapped; and (3) the state used perjured testimony.
 
 
 6
 Stobaugh has not exhausted his perjury claim because he did not raise it before the Washington Court of Appeals. See Picard v. Connor, 404 U.S. 270, 272 (1971) (holding that a petitioner must fairly present habeas claims to a state's highest court); State v. Laviollette, 826 P.2d 684, 689 (Wash.Ct.App.1992) (noting that the Washington Supreme Court will refuse to address issues not first presented to the Court of Appeals). In addition, Stobaugh cannot file a personal restraint petition raising this claim. See Wash.Rev.Code § 10.73.090 (West 1996) (stating that petition for collateral review must be filed within one year of when judgment becomes final). Accordingly, Stobaugh has procedurally defaulted on his perjury claim and it is now barred from federal habeas review. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 805. We do, however, reach the merits of Stobaugh's first and second claim although his reference to these claims before the Washington Supreme Court was somewhat vague.
 
 
 7
 Stobaugh contends he received ineffective assistance of counsel both at trial and on appeal because neither counsel argued that Stobaugh had been entrapped. This contention lacks merit.
 
 
 8
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 9
 First, at trial, Stobaugh denied involvement in the crimes, which was inconsistent with an entrapment defense. See State v. Galisia, 822 P.2d 303, 305-06 (Wash.Ct.App.1992) (holding that an entrapment instruction is proper only where the defendant has admitted the activities on which the charge is based). Second, counsel argued that the state's witness, who Stobaugh now alleges entrapped him, had in fact been the perpetrator of the crimes. Finally, Stobaugh has presented no evidence that his entrapor was working for the government when the crimes were committed. In fact, the evidence at trial suggests Stobaugh only approached the witness after Stobaugh had committed the crimes in order to have the witness ascertain whether the stores he robbed had surveillance cameras. Under these circumstances, we cannot say that trial counsel's representation fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-92.
 
 
 10
 Moreover, Stobaugh cannot show that he suffered prejudice from appellate counsel's failure to raise the entrapment issue. See id. The Court of Appeals, addressing Stobaugh's pro se brief, held that it would have been frivolous for trial or appellate counsel to raise an entrapment defense because: (1) there was no evidence that the state's witness was acting under the direction of the state at the time the crimes were committed; and (2) the entrapment defense would have been inconsistent with Stobaugh's denial of having committed the crimes.
 
 
 11
 Apart from its relevance to his ineffective assistance of counsel claim, Stobaugh's entrapment argument may be grounds for granting his habeas petition only if the government's conduct was so outrageous that Stobaugh's conviction deprives him of his right to due process. See United States v. Russell, 411 U.S. 423, 431-433 (1973) (stating that entrapment defense "is not of a constitutional dimension" unless the government's actions are so egregious as to violate due process); Miller v. Stagner, 757 F.2d 988, 993 (9th Cir.1985) (noting that state court's refusal to give an entrapment instruction does not amount to a federal constitutional violation). Here, the state's use of the witness's testimony does not qualify as outrageous conduct.
 
 Accordingly, the district court order is
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3