116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel William DONAGHE, Petitioner-Appellant,
v.
David B. WESTON, Respondent-Appellee.
 No. 96-35420.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Western District of Washington. Robert J. Bryan, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington state prisoner Samuel William Donaghe appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas corpus petition challenging the Thurston County Superior Court's judgment committing him to the Washington Department of Social & Health Services as a sexually violent predator under Wash. Rev.Code § 71.09. Donaghe contends that the district court erred by dismissing his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de nova, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. 2254(b); Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam). A state prisoner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to federal court. See Duncan, 115 S.Ct. at 888.
 
 
 4
 Here, Donaghe did not seek discretionary review of the Washington Court of Appeals' denial of his personal restraint petition. Thus, he has failed to exhaust his state remedies by failing to present his claims to the highest state court. See id.
 
 
 5
 Donaghe contends, however, that exhaustion would be futile. Whether or not futility remains a valid exception to exhaustion is questionable. See Noltie v. Peterson, 9 F.3d 802, 805-06 (9th Cir.1993). Even if the futility doctrine still exists, it does not apply to Donaghe's contention that the Washington Supreme Court will be unsympathetic to his claims. See id. at 805. Accordingly, the district court properly dismissed Donaghe's habeas petition for failure to exhaust state remedies. See 28 U.S.C. § 2254(b); Duncan, 115 S.Ct. at 888.
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Donaghe's motion to supplement the record on appeal is denied. His motion to have the appeal heard on the entire record is denied as unnecessary