133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph Clifford NORTHUP, Petitioner-Appellant,
v.
Kay WALTER, Respondent-Appellee.
 No. 96-36136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Washington state prisoner Joseph Clifford Northup appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first degree robbery and attempted first degree robbery. Northup contends that the district court erred by dismissing his petition for failure to exhaust state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we vacate and remand.
 
 
 3
 A state prisoner must exhaust all available state remedies before a federal court may consider the merits of his habeas corpus petition. See 28 U.S.C. § 2254(b) (1991); Rose v. Lundy, 455 U.S. 509, 515 (1982). If it is clear that a claim can no longer be presented to the highest state court because it is procedurally barred, the exhaustion requirement is satisfied, but the claim is procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Thus, federal review of that claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. See id. at 750; Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993). Ineffective assistance of counsel may constitute cause. See Coleman, 501 U.S. at 752. However, the ineffective assistance claim must first be exhausted in state court before it can serve as cause for the procedural default of any other claim. See Murray v. Carrier, 477 U.S. 478, 489 (1986). To demonstrate a fundamental miscarriage of justice, the petitioner must supplement his claim of constitutional error with a colorable showing of factual innocence. See Noltie, 9 F.3d at 806.
 
 
 4
 Northup raised the following nine claims in his federal habeas corpus petition: (1) insufficient evidence to convict; (2) improper exceptional sentence; (3) prosecutorial misconduct; (4) ineffective assistance of counsel; (5) suggestive identification; (6) jury prejudice; (7) illegal arrest; (8) prejudicial joinder; and (9) denial of right of appeal We find no error in the district court's determination that Northup has only exhausted available state remedies with respect to claims 5, 8, and 9 and that Northup has procedurally defaulted on the remaining claims.[1] See Wash. Rev.Code § 10.73.140; Coleman, 501 U.S. at 750. However, we do find error in the district court's dismissal of Northup's petition on the ground, that it was a "mixed" petition under Rose v. Lundy, 455 U.S. 509, 522 (1982). Because claims 1, 2, 3, 4, 6, and 7 can no longer be presented to the highest state court, the exhaustion requirement is satisfied. See Coleman, 501 U.S. at 735 n. 1; Harmon v. Ryan, 959 F.2d 1457, 1460-61 (9th Cir.1992).[2] Thus, Northup's petition is not a "mixed" petition. See Rose, 455 U.S. at 522. Accordingly, we remand to the district court for a determination of the merits of claims 5, 8, and 9 because these claims are not procedurally barred.
 
 
 5
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Northup's claim that counsel's ineffectiveness constitutes cause for his procedural default must fail because he failed to exhaust the available state remedies on this claim. See Murray, 447 U.S. at 489
 
 
 [2]
 Federal review of these claims is barred because Northup failed to demonstrate cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 804-05