139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George W. NULPH, Petitioner-Appellant,
v.
S. Frank THOMPSON, Superintendent Oregon State Penitentiary,
Respondent-Appellee.
 No. 97-35485.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 5, 1998.**
Decided Feb. 5, 1998.
 
 Appeal from the United States District Court for the District of Oregon. Robert E. Jones, District Judge, Presiding.
 Before: PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant failed to exhaust his state remedies by failing fairly to present his claims in state court. Federal review of a procedurally defaulted claim is barred absent a showing of cause and prejudice or a fundamental miscarriage of justice. Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993); Coleman v. Thompson, 501 U.S. 722, 750 (1991). Neither was shown here.[1]
 
 
 3
 In addition, we agree with the analysis of the district court on the merits. At the conclusion of defendant's state trial for rape, sodomy, kidnapping and possessing a firearm as a convict, the prosecutor made comments in his closing argument regarding the lack of evidence to substantiate portions of defendant's testimony. Defendant had testified on direct examination, in violation of a prosecution motion in limine, that the alleged victim was a prostitute and a drug dealer. The prosecutor remarked in closing argument that the defendant had not introduced proof to substantiate his testimony that the victim was a prostitute.
 
 
 4
 The State concedes that the comments were improper. They were, however, harmless by any standard and do not justify habeas relief.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court was not compelled to address the procedural default issue and could legitimately dispose of petitioner's claim on the merits. See Clark v. Ricketts, 958 F.2d 851, 857 (9th Cir.1992). The procedural bar issue should, however, ordinarily be considered first. Lambrix v. Singletary, 520 U.S. 518, 117 S.Ct. 1517, 1523 (1997)