145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chevez JOHNSON, Petitioner-Appellant,
v.
Kenneth W. DUCHARME, Respondent-Appellee.
 No. 97-35271.
D.C. No. CV-95-02160-CRD.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, Carolyn R. Dimmick, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chevez Johnson, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it denied two claims as procedurally barred, one claim for failure to alert the state courts to the federal issue, and a fourth claim as meritless. We have jurisdiction pursuant to 28 U.S.C. § 2253.[1] We review de novo. See Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995). We affirm in part, vacate in part, and remand.
 
 A. Claims One and Three[2]
 
 3
 Relying on Noltie v. Peterson, 9 F.3d 802 (9th Cir.1993), the State contends that the district court properly concluded that Johnson's ineffective assistance of counsel claim is procedurally barred. Contrary to the State's arguments, this case is not governed by Noltie but instead by Russell v. Rolfs, 893 F.2d 1033 (9th Cir.1990).
 
 
 4
 Johnson raised his ineffective assistance contentions in his first personal restraint petition, which was consolidated with his direct appeal. The Washington Court of Appeals affirmed his conviction and denied his petition. When Johnson petitioned the Washington Supreme Court for review, he did not raise his ineffective assistance claim. The Washington Supreme Court affirmed Johnson's conviction, but remanded for resentencing.
 
 
 5
 When Johnson filed a second personal restraint petition, and again raised his ineffective assistance claim, the Washington Court of Appeals expressly ruled that Johnson was barred from again raising the claim, citing In re Taylor, 105 Wash.2d 683, 717 P.2d 755 (Wash.1986). Johnson sought discretionary review in the Washington Supreme Court. Because Johnson failed to show admissible evidence that would entitle him to relief, the Washington Supreme Court concluded that Johnson had not met the ends of justice exception for reconsideration of his ineffective assistance claim already rejected by the Washington Court of Appeals. See In re Johnson, No. 62016-4 (Oct. 7, 1994) (referring to Taylor 's ends of justice exception).
 
 
 6
 Because the Washington Supreme Court considered the merits of Johnson's ineffective assistance claim before concluding that Johnson had not met the ends of justice exception for reconsideration of a claim already rejected on appeal, Johnson's ineffective assistance claim is not procedurally barred from federal review. See Russell, 893 F.2d at 1035 (because ends of justice inquiry is merits related, citation to In re Taylor, 105 Wash.2d 683, 717 P.2d 755 (Wash.1986) does not preclude federal review); cf. Noltie, 9 F.3d at 805 (claim is barred from federal review when petitioner failed to raise claim, denied by Washington Court of Appeals, in petition for review before Washington Supreme Court and petitioner never filed a personal restraint petition).
 
 B. Claim Two
 
 7
 We affirm the district court's denial of Claim Two (admission of unfair hearsay) on the ground that Johnson failed to frame the claim as a federal issue in federal court. See Duncan v. Henry, 513 U.S. 364, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam).
 
 C. Claim Four
 
 8
 The district court denied, on its merits, Claim Four (no minorities available for jury selection). Because Johnson has never made any showing that Blacks or Hispanics were systematically excluded from the jury venire, we affirm the district court's denial of this claim. See Duren v. Missouri, 439 U.S. 357, 364-67, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).
 
 
 9
 AFFIRMED as to Claims Two and Four; VACATED and REMANDED as to Claims One and Three.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Johnson mailed his motion for reconsideration within ten days of the district court's judgment, his notice of appeal was timely and we review the denial of the petition rather than merely the denial of the motion for reconsideration. See Fed. R.App. P. 4(a)(4), 4(c) (West 1998)
 
 
 [2]
 The district court treated Claims One and Three as one claim for ineffective assistance of counsel as do we