FILED

NOT FOR PUBLICATION

OCT 28 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE THOMAS HOUFF, | No. 09-35248 |
| Petitioner-Appellant, | D.C. No. 3:06-cv-0445-PK |
| v. | MEMORANDUM[*] |
| SHARON BLACKETTER, Superintendent, Eastern Oregon Correctional Institution, | |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
James Redden, District Judge, Presiding

Argued and Submitted October 6, 2010
Portland, Oregon

Before: PAEZ and CLIFTON, Circuit Judges, and BURNS,[**] District Judge.

Wayne Houff was convicted after a bench trial in Oregon state court of four

counts of using a child in a display of sexually explicit conduct, four counts of

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Larry A. Burns, United States District Judge, Southern
District of California, sitting by designation.

encouraging sexual abuse in the second degree, and two counts of sexual abuse in the first degree. Houff petitioned for habeas corpus under 28 U.S.C. § 2254, and the district court denied his petition. We affirm.

Houff argues that the admission into evidence of hearsay testimony by the victim's mother concerning statements made by the four-year-old victim violated his Sixth Amendment right to confrontation under *Idaho v. Wright*, 497 U.S. 805 (1990). The trial court discussed the admissibility of the evidence primarily in terms of the relevant provision of Oregon evidence law, O.R.S. § 40.460(18a)(b), because that was how Houff objected to the evidence. Houff did not appear to press a constitutional objection based on *Wright*. In its ruling, the trial court referred to corroboration of the victim's statements by the photographs. Reliance upon such corroboration was not appropriate under *Wright*, which held the Confrontation Clause disallows "bootstrapping on the trustworthiness of other evidence" to demonstrate the reliability of hearsay. 497 U.S. at 822. But reference to such corroboration was both appropriate and necessary to rule on the objection under Oregon evidence law, which required not only "indicia of reliability as is constitutionally required to be admitted," under cases like *Wright*, but also "corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct." O.R.S. § 40.460(18a)(b). That the trial

2

court referred to other evidence in overruling Houff's objection under the apparently higher standard imposed by state evidence law does not mean that the court necessarily violated *Wright*.

From our review of the transcript, it is apparent to us that the trial court properly concluded that the statement by the victim describing the sexual abuse had the necessary indicia of reliability as required under Oregon evidence law and as a constitutional requirement. The Oregon hearsay exception lists specific factors that indicate reliability.[1] These factors duplicate and add to the indicia of reliability listed in *Wright*.[2] The trial judge methodically went through each of the factors. He concluded that he was "virtually certain" the child made the statements; that

---

[1] Under O.R.S. § 40.460(18a)(b), the court may consider A) the personal knowledge of the declarant of the event; B) the age and maturity of the declarant; C) certainty that the statement was made, including the credibility of the person testifying about the statement; D) any apparent motive the declarant may have to falsify or distort the event, including bias, corruption, or coercion; E) the timing of the statement of the declarant; F) whether more than one person heard the statement; G) whether the declarant was suffering pain or distress when making the statement; H) whether the declarant's young age makes it unlikely that the declarant fabricated a statement that represents a graphic, detailed account beyond the knowledge and experience of the declarant; I) whether the statement has internal consistency and uses terminology appropriate to the declarant's age; J) whether the statement is spontaneous or directly responsive to questions; and K) whether the statement was elicited by leading questions.

[2] These include 1) spontaneity and consistent repetition, 2) the mental state of the declarant, 3) the use of terminology unexpected of a child of a similar age, and 4) a lack of motive to fabricate. *Wright*, 497 U.S. at 821-2.

3

although the mother had pressured the child to reveal the incident, the mother was a truthful and reliable reporter of the child's statements; that the child had no apparent bias that would cause her to falsify a report of molestation; that the child's description of the events was sufficiently detailed to compel the conclusion that she had no other source of information than personal knowledge; that the nature of the sexual activity described was well beyond the likely knowledge of a child her age, making it unlikely that she fabricated her account; that any inconsistency in the child's account was attributable to the child's imprecise use of language and possible problems in translation; and that there was no evidence that the child's account was the product of questioning that suggested the very information the child revealed. That the child victim's statements were particularly likely to be truthful, under the *Wright* standard, was not an unreasonable conclusion. *See* 28 U.S.C.A. § 2254(d).

In his habeas petition, Houff also argued that he was denied his Sixth Amendment right to a jury trial and proof beyond a reasonable doubt as to facts supporting his dangerous offender sentence enhancement. *See Apprendi v. New Jersey,* 530 U.S. 466 (2000). This claim was procedurally defaulted because Houff did not present it to the Oregon Supreme Court in his direct appeal. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848-849 (1999); *Noltie v. Peterson,* 9 F.3d 802, 804-805

4

(9th Cir. 1993).

**AFFIRMED**.

*Houff v. Blacketter,* No. 09-35248.

PAEZ, dissenting in part:

The majority emphasizes that the trial court methodically applied the reliability factors set forth in Oregon law. In addition to considering these factors, the trial court had to find that there was evidence corroborating the hearsay–without corroborating evidence, the hearsay would not have been admissible under Oregon law. I agree with the majority that the trial court's application of Oregon's evidence rule was proper. However, as the majority concedes, corroboration is not appropriate under *Wright's* constitutional inquiry, and the trial transcript demonstrates that the court did not disregard the corroborating photographic evidence it used in its evidentiary ruling before concluding that the hearsay evidence was constitutionally reliable. In fact, the record indicates that the trial court did not understand that the Oregon standard and the constitutional standard require separate analyses because the use of corroborating evidence is unconstitutional under *Wright.*

The record reflects that the trial court's state law analysis, in which it "bootstrapp[ed] on the trustworthiness of other evidence", improperly infected its ruling on the constitutional question as well. *Idaho v. Wright,* 497 U.S. 805, 823 (1990). This result is decidedly at odds with the Confrontation Clause. *Id.* Even

1

assuming that at trial Houff objected to the evidence only under the Oregon hearsay rule, the State has not raised a procedural bar against Houff's Sixth Amendment Confrontation claim.

Therefore, in my view we should apply the governing Confrontation Clause doctrine as the Supreme Court articulated it in *Wright.* Admitting the victim's hearsay statements was both contrary to and an unreasonable application of *Wright.* 28 U.S.C. § 2254(d)(1). As a result, I would reverse the district court's denial of habeas relief on this claim.

Explaining its rule against bootstrapping, *Wright* stated that "[c]orroboation of a child's allegations of sexual abuse by medical evidence of abuse, for example, sheds no light on the reliability of the child's allegations regarding the identity of the abuser." *Id.* at 823-824. Here, the trial court's ruling on constitutional reliability was contrary to *Wright* because it referred to photographic evidence of Houff's inappropriate interest in the victim as "a hundred percent corroborat[ing]" the statements about sexual abuse. These photographs, were "not insignificant in assessing the reliability of [the victim] as an informer." The trial court transparently engaged in exactly the type of bootstrapping prohibited by *Wright*, rendering its decision contrary to clearly established federal law.

The trial court's decision was also an unreasonable application of *Wright's*

2

totality of the circumstances test. The "unifying principle" of this test is "whether the child declarant was particularly likely to be telling the truth when the statement was made." 497 U.S. at 822. In *Wright,* the Court found that the truthfulness of statements a young girl gave in response to a doctor's suggestive questions about sexual abuse was not so "clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Id.* at 820. Any reasonable application of *Wright's* "unifying principle" demonstrates that the victim's statements in this case bore considerably less indicia of reliability than the constitutionally inadmissible hearsay in *Wright. Id.* at 822. The minor victim made the hearsay statements alleging sexual abuse under what the trial court referred to as "obviously coercive" conditions. After first claiming that no sexual abuse occurred, the victim changed her story after her mother threatened to commit suicide and offered to buy her new clothes. In light of the facts before the Court in *Wright,* it was wholly unreasonable for the trial court here to find that the four-year-old victim was "particularly likely to be telling the truth" after being simultaneously threatened with the death of her mother and allured with the bribe of shopping. 497 U.S. at 822.

Accordingly, I dissent from the denial of habeas relief on Houff's Confrontation claim. I agree with the majority, however, that the district court

properly concluded that Houff's Sixth Amendment claim on his right to a jury trial and proof beyond a reasonable doubt as to facts supporting his dangerous offender sentence enhancement is procedurally barred, and therefore I concur in the majority's disposition of that claim.