MEMORANDUM **
Wayne Houff was convicted after a bench trial in Oregon state court of four counts of using a child in a display of sexually explicit conduct, four counts of encouraging sexual abuse in the second degree, and two counts of sexual abuse in the first degree. Houff petitioned for ha-beas corpus under 28 U.S.C. § 2254, and the district court denied his petition. We affirm.
Houff argues that the admission into evidence of hearsay testimony by the victim’s mother concerning statements made by the four-year-old victim violated his Sixth Amendment right to confrontation under Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). The trial court discussed the admissibility of the evidence primarily in terms of the relevant provision of Oregon evidence law, O.R.S. § 40.460(18a)(b), because that was how Houff objected to the evidence. Houff did not appear to press a constitutional objection based on Wright. In its ruling, the trial court referred to corroboration of the victim’s statements by the photographs. Reliance upon such corroboration was not appropriate under Wright, *169 which held the Confrontation Clause disallows “bootstrapping on the trustworthiness of other evidence” to demonstrate the reliability of hearsay. 497 U.S. at 822, 110 S.Ct. 3139. But reference to such corroboration was both appropriate and necessary to rule on the objection under Oregon evidence law, which required not only “in-dicia of reliability as is constitutionally required to be admitted,” under cases like Wright, but also “corroborative evidence of the act of abuse and of the alleged perpetrator’s opportunity to participate in the conduct.” O.R.S. § 40.460(18a)(b). That the trial court referred to other evidence in overruling Houffs objection under the apparently higher standard imposed by state evidence law does not mean that the court necessarily violated Wright.
From our review of the transcript, it is apparent to us that the trial court properly concluded that the statement by the victim describing the sexual abuse had the necessary indicia of reliability as required under Oregon evidence law and as a constitutional requirement. The Oregon hearsay exception lists specific factors that indicate reliability.[1] These factors duplicate and add to the indicia of reliability listed in Wright.[2] The trial judge methodically went through each of the factors. He concluded that he was “virtually certain” the child made the statements; that although the mother had pressured the child to reveal the incident, the mother was a truthful and reliable reporter of the child’s statements; that the child had no apparent bias that would cause her to falsify a report of molestation; that the child’s description of the events was sufficiently detailed to compel the conclusion that she had no other source of information than personal knowledge; that the nature of the sexual activity described was well beyond the likely knowledge of a child her age, making it unlikely that she fabricated her account; that any inconsistency in the child’s account was attributable to the child’s imprecise use of language and possible problems in translation; and that there was no evidence that the child’s account was the product of questioning that suggested the very information the child revealed. That the child victim’s statements were particularly likely to be truthful, under the Wright standard, was not an unreasonable conclusion. See 28 U.S.C.A. § 2254(d).
In his habeas petition, Houff also argued that he was denied his Sixth Amendment right to a jury trial and proof beyond a reasonable doubt as to facts supporting his dangerous offender sentence enhancement. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 *170 L.Ed.2d 435 (2000). This claim was proee-durally defaulted because Houff did not present it to the Oregon Supreme Court in his direct appeal. See O’Sullivan v. Boerckel, 526 U.S. 838, 848-849, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir.1993).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Under O.R.S. § 40.460(18a)(b), the court may consider A) the personal knowledge of the declarant of the event; B) the age and maturity of the declarant; C) certainty that the statement was made, including the credibility of the person testifying about the statement; D) any apparent motive the declarant may have to falsify or distort the event, including bias, corruption, or coercion; E) the timing of the statement of the declarant; F) whether more than one person heard the statement; G) whether the declarant was suffering pain or distress when making the statement; H) whether the declarant's young age makes it unlikely that the declarant fabricated a statement that represents a graphic, detailed account beyond the knowledge and experience of the declarant; I) whether the statement has internal consistency and uses terminology appropriate to the declarant's age; 3) whether the statement is spontaneous or directly responsive to questions; and K) whether the statement was elicited by leading questions.

. These include 1) spontaneity and consistent repetition, 2) the mental state of the declar-ant, 3) the use of terminology unexpected of a child of a similar age, and 4) a lack of motive to fabricate. Wright, 497 U.S. at 821-2, 110 S.Ct. 3139.