Argued May 16, affirmed July 5, 1977

## STATE OF OREGON, *Respondent,*
*v.*
## EARL LAWRENCE SWEET, II., *Appellant.*
### (No. C 76-06-08860,CA 7200)

566 P2d 199

Richard J. Smith, Klamath Falls, argued the cause and filed the brief for appellant.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

[ 45 ]

■■■■

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

■■■■

RICHARDSON, J.

**RICHARDSON, J.**

Defendant appeals from his conviction of Rape in the First Degree, ORS 163.375, contending that a pretrial photographic identification procedure was impermissibly suggestive and that he was denied effective assistance of counsel.

On June 11, 1976, a 12 year old girl was forcibly raped. She ran home, and the police were called. She gave the police a description of her attacker from which a composite drawing was made. The description included the fact that the rapist had a chipped, discolored front tooth.

Sometime later a police officer showed six photographs of different men including defendant to the victim. She identified defendant as her attacker, but said that she would be more sure if she could see his teeth. She was then shown a single photograph of defendant with his mouth open, showing a chipped, brown tooth. At trial, the victim again picked defendant's photo out of the group of pictures. She then made an identification of defendant sitting in the courtroom as her attacker, after he had stepped forward and shown her his teeth.

Defendant objected at trial to the introduction of the photographic identification. The objection was overruled. He raises this ruling as his first assignment of error, contending that showing the victim only one photograph of a man with a chipped tooth was impermissibly suggestive.

The United States Supreme Court has held that a conviction based upon an identification process which, under the totality of the circumstances, "* * * was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification * * *" is violative of the defendant's right to due process. *Simmons v. United States,* 390 US 377, 384, 88 S Ct 967, 19 L Ed 2d 1247 (1968); *State v. Bush,* 29 Or App 315, 563 P2d 747 (1977).

We find nothing improper or suggestive in the procedure used in this case. Unlike the photographic identification in *State v. Bush, supra,* or *State v. McBain,* 24 Or App 737, 547 P2d 188, Sup Ct *review denied* (1976), the six photographs showed men who all fit the description given. Without any assistance the witness picked defendant's photograph from the six. The subsequent display of one photograph of defendant with his mouth open did not serve to focus the victim's attention on one suspect at a time when she was confused and unsure. It was solely corroboration of a previous identification.

■ Defendant also contends that he was denied effective assistance of counsel. He suggests several ways in which his trial counsel failed to provide effective assistance including his questioning of the victim, his stipulation to the admissibility of the polygraph examination of defendant, and his input into the presentencing report. A post-conviction proceeding is the proper method for raising this issue. *State v. Robinson,* 25 Or App 675, 550 P2d 758 (1976); *Turner v. Cupp,* 1 Or App 596, 465 P2d 249 (1970).

Affirmed.