640 F.2d 233
 Earl L. SWEET, Petitioner-Appellant,
v.
Hoyt C. CUPP, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
James Arthur HENDERSON, Petitioner-Appellant,
v.
Hoyt C. CUPP, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 Nos. 79-2693, 80-3104.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 6, 1980.
Decided Feb. 19, 1981.
 
 Gregory J. Christensen, Corvallis, Or., for petitioner-appellant.
 Thomas H. Denny, Asst. Atty. Gen., Salem, Or., for respondent-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before HUG and REINHARDT, Circuit Judges, and SMITH,* District Judge.
 REINHARDT, Circuit Judge:
 
 
 1
 Earl L. Sweet and James A. Henderson, state prisoners, appeal from the district court's dismissal of their petitions for writs of habeas corpus. Each raises an equal protection challenge to his state conviction. The district court rejected their constitutional claims on the merits. We do not reach the merits. Rather, we affirm the judgments of the district court for the reason that Sweet and Henderson failed to exhaust their state remedies.
 
 Proceedings Below
 
 2
 In 1976 Sweet was convicted of one count of rape in the first degree in the circuit court of Oregon. His conviction was affirmed by the state court of appeals. State v. Sweet, 30 Or.App. 45, 566 P.2d 199 (1977). In 1978 Henderson was convicted on one count of rape in the first degree in the circuit court of Oregon. He did not appeal. Neither Sweet nor Henderson raised the claim which is the subject of his federal habeas corpus petition in those state proceedings. Subsequently, however, Henderson petitioned the Oregon Supreme Court for a writ of habeas corpus, raising the equal protection issue for the first time. His petition was denied without comment in a letter order.
 
 
 3
 Sweet and Henderson then petitioned the federal district court for writs of habeas corpus.[1] In their petitions, they alleged that they were denied equal protection of the law because the Oregon forcible rape statute under which they were convicted is gender-based. The statute defines rape as an offense perpetrated by a male against a female. Or.Rev.Stat. § 163.375(1)(a).[2] The district court denied Sweet's petition on the merits, holding that the Oregon statute did not violate the equal protection clause of the United States Constitution. U.S.Const. Amend. XIV, § 1. On the basis of its decision in Sweet, the district court dismissed Henderson's petition sua sponte. The district court issued certificates of probable cause, vesting this Court with appellate jurisdiction. 28 U.S.C. § 2253.
 
 
 4
 * Normally, a federal court will not entertain a state prisoner's petition for writ of habeas corpus unless the petitioner has exhausted available state judicial remedies. 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). If the claim which is the subject of the petition was not presented to the state courts on direct appeal, state collateral remedies must be exhausted. 28 U.S.C. § 2254(c); Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 449, 88 L.Ed. 572 (1944).
 
 
 5
 The exhaustion requirement is a matter of comity, not of jurisdiction. Fay v. Noia, 372 U.S. 391, 418, 83 S.Ct. 822, 837, 9 L.Ed.2d 837 (1963); Ex parte Royall, 117 U.S. 241, 250-51, 6 S.Ct. 734, 739-50, 29 L.Ed. 868 (1866); Harris v. Superior Court, 500 F.2d 1124, 1126-27 (9th Cir. 1974) (en banc), cert. denied, 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975). Its purpose is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation. Fay v. Noia, 372 U.S. at 418-19, 83 S.Ct. at 837-38. The Supreme Court stated in Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950), overruled on other grounds, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963):
 
 
 6
 As it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, the federal courts sought a means to avoid such collisions. Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.
 
 
 7
 The doctrine of comity has since been codified. 28 U.S.C. § 2254(b).[3] Neither Sweet nor Henderson has satisfied its demands.
 
 II
 
 8
 Sweet did not present his equal protection challenge to the Oregon forcible rape statute on direct appeal, nor did he pursue the post-conviction relief that is available to him under Or.Rev.Stat. §§ 138.510, 138.530(d). Consequently, Sweet has failed to exhaust his existing state remedies.[4]
 
 
 9
 The district court relied on the principle that exhaustion is not required if resort to state remedies would be futile. A number of circuits have held that a petitioner may be excused from exhausting state remedies if the highest state court has recently addressed the issue raised in the petition and resolved it adversely to the petitioner, in the absence of intervening United States Supreme Court decisions on point or any other indication that the state court intends to depart from its prior decisions. E. g., Franklin v. Conway, 546 F.2d 579, 581 (4th Cir. 1976); Stubbs v. Smith, 533 F.2d 64, 68-69 (2d Cir. 1976); Sarzen v. Gaughan, 489 F.2d 1076, 1082 (1st Cir. 1973); Lucas v. Michigan, 420 F.2d 259, 261 (6th Cir. 1970); Reed v. Beto, 343 F.2d 723, 725 (5th Cir. 1965), aff'd on other grounds sub nom. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). We adopt the futility doctrine because it promotes comity by requiring exhaustion where resort to state courts would serve a useful function but excusing compliance where the doctrine would only create an unnecessary impediment to the prompt determination of individuals' rights. However, we find the futility doctrine inapplicable to the petitions before us.
 
 
 10
 The district court accepted respondent's concession that State v. Elmore, 24 Or.App. 651, 546 P.2d 1117 (1976), a decision in which the Oregon Court of Appeals rejected an equal protection challenge to a gender-based statutory rape statute, relieved Sweet of the obligation to exhaust available state remedies.[5] We find Elmore insufficient to invoke the futility exception because the decision as to the constitutionality of the statute there involved was based on a test which has since been discarded by the United States Supreme Court. In Elmore, the state court applied the minimal scrutiny standard of review to the constitutional claim and, on that basis, concluded that the gender-based statutory rape provision was a reasonable classification. 546 P.2d at 1118. Minimal scrutiny requires only that a classification serve a legitimate governmental objective and that it be reasonably related to achievement of that objective. Reed v. Reed, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971).
 
 
 11
 Elmore preceded the United States Supreme Court decision in Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976). In Craig, the Supreme Court established the more stringent intermediate scrutiny standard of review required for weighing an equal protection challenge to a gender-based statute. The Court stated: "To withstand constitutional challenge, ... classifications by gender must serve important governmental objectives and must be substantially related to the achievement of those objectives." Id. at 197, 97 S.Ct. at 456. The Court has continued to apply the intermediate scrutiny standard of review to gender classifications. E. g., Califano v. Westcott, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979); Caban v. Mohammed, 441 U.S. 380, 99 S.Ct. 1760, 60 L.Ed.2d 297 (1979); Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979).[6]
 
 
 12
 The interests of comity require us to afford the Oregon courts the initial opportunity to consider the state forcible rape statute[7] under the current standard for review of constitutional challenges to gender-based statutes. Franklin v. Conway, 546 F.2d 579, 581 (4th Cir. 1976).
 
 
 13
 For the foregoing reasons, we find none of the circumstances which justify an exception to the exhaustion requirement. Sweet's petition, therefore, should not now be considered by the federal courts.
 
 III
 
 14
 We next consider the effect of Henderson's petition for a writ of habeas corpus to the Oregon Supreme Court. We find it insufficient to satisfy the exhaustion requirement.[8]
 
 
 15
 A petition for post-conviction relief to a state court which is denied on procedural grounds does not exhaust the petitioner's state remedies. The petitioner can still use the appropriate procedure to afford the state courts the initial opportunity to address his state claim on the merits. Pitchess v. Davis, 421 U.S. 482, 488, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975); Harris v. Superior Court, 500 F.2d 1124, 1126 (9th Cir. 1974) (en banc), cert. denied, 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975).
 
 
 16
 The effect of Henderson's petition was to ask the Oregon Supreme Court to exercise its discretionary original jurisdiction in habeas corpus proceedings. Or.Const. art. VII (amended) § 2. The Oregon Supreme Court rarely exercises its original jurisdiction in this regard. Price v. Zarbano, 265 Or. 126, 508 P.2d 182, 183 (1973), citing Ex parte Jerman, 57 Or. 387, 112 P. 416 (1910). In Jerman, the first case in which the Supreme Court of Oregon was invited to exercise its original habeas corpus jurisdiction, the court determined that it would decline jurisdiction if the petitioner has a plain, speedy, and adequate remedy in the courts below. 112 P. at 418.
 
 
 17
 Henderson has such a remedy in the Oregon post-conviction relief statutes, which were intended in large measure to replace the writ of habeas corpus. Oregon Post-Conviction Hearing Act, Or.Rev.Stat. §§ 138.500-138.680, 34.330; Benson v. Gladden, 242 Or. 132, 407 P.2d 634, 636 (1965), cert. denied, 384 U.S. 908, 86 S.Ct. 1345, 16 L.Ed.2d 360 (1966). While the Act does not limit the Oregon Supreme Court's discretionary original habeas corpus jurisdiction, Or.Rev.Stat. § 138.530(3), that jurisdiction was left unimpaired only to avoid a possible conflict with the Oregon constitution. Collins & Neil, The Oregon Postconviction-Hearing Act, 39 Or.L.Rev. 337, 347 (1960).[9] It was not anticipated that the Supreme Court of Oregon would exercise its discretionary jurisdiction in matters falling under the Act. Id. at 343, 347.
 
 
 18
 The Act plainly affords Henderson a remedy to challenge the constitutionality of the statute under which he was convicted. Or.Rev.Stat. § 138.530(1)(d). Henderson's failure to prosecute a direct appeal from his conviction is no longer a bar to post-conviction relief because the time for appeal has expired. Id. §§ 138.550(1), 138.071(1). Nor is he barred by his failure to raise the constitutional issue at trial. Id. § 138.550(1). Finally, there is no time limit for filing a petition for post-conviction relief. Id. § 138.510(2).
 
 
 19
 In view of the clear availability of a remedy designed to replace the extraordinary writ which Henderson sought and the Supreme Court of Oregon's longstanding policy of declining exercise of its original jurisdiction when such a remedy exists, we can only conclude that the Supreme Court's letter order summarily denying Henderson's petition without opinion did not constitute a decision on the merits. Harris v. Superior Court, 500 F.2d 1129 (9th Cir. 1974) (en banc), cert. denied, 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975), does not command a contrary result. In Harris, we held that when the California Supreme Court denies a habeas corpus petition without opinion, the exhaustion requirement is satisfied. Id. at 1128-29. However, we based our decision on the recent practice of the California Supreme Court to exercise its original habeas corpus jurisdiction and, frequently, to indicate by citation the grounds for a summary denial. Id. at 1127-28. Given this practice, we concluded that a summary denial without opinion or citation provided no reason to presume that the decision was not on the merits. Id. at 1128. The longstanding contrary practice of the Oregon Supreme Court does provide reason to presume that a letter order denial is not on the merits when the relief sought is available under the Post-Conviction Hearing Act. Consequently, we conclude that Henderson's habeas corpus petition to the Supreme Court of Oregon was denied on procedural grounds. Since Henderson did not exhaust his state remedies, the exercise of federal jurisdiction at this time is not proper.
 
 
 20
 For the foregoing reasons, the orders appealed from are AFFIRMED.
 
 
 21
 RUSSELL E. SMITH, District Judge (specially concurring).
 
 
 22
 I concur in the result.
 
 
 23
 We do have jurisdiction.
 
 
 24
 I would affirm on the merits and sound the death knell for these cases which, under the majority opinion, are now given a potential life of many years.
 
 
 25
 The sex organs of men and women are different. Because of these differences, the likelihood of a female forcing a male into the act of penetration[1] against his consent is de minimis. If that has happened, the number of happenings is de minimis. In any event, no male has ever become pregnant. I think that neither circuitous court proceedings nor extensive proliferations are necessary preludes to a determination that, where a forcible rape statute is involved, the sex differences cannot be suspect and that the classification, if suspect, still serves a valid governmental purpose.
 
 
 26
 I agree with what was said by Judge Lowe in Brooks v. State, 24 Md.App. 334, 330 A.2d 670, 673 (1975), as follows:
 
 
 27
 The equality of the sexes expresses a societal goal, not a physical metamorphosis. It would be anomalous indeed if our aspirations toward the ideal of equality under the law caused us to overlook our disparate human vulnerabilities.
 
 
 
 *
 Honorable Russell E. Smith, Senior United States District Judge for the District of Montana, sitting by designation
 
 
 [1]
 Sweet and Henderson filed separate habeas corpus petitions. The proceedings were consolidated by this Court, sua sponte, on appeal
 
 
 [2]
 Or.Rev.Stat. § 163.375(1)(a) provides:
 (1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:
 (a) The female is subjected to the forcible compulsion of the male.
 
 
 [3]
 28 U.S.C. § 2254(b) provides:
 An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
 
 
 [4]
 For the reasons discussed in Part III, infra, the Oregon Supreme Court's denial of Henderson's habeas corpus petition did not relieve Sweet of the obligation to exhaust state remedies
 
 
 [5]
 We are not bound by respondent's concession that Sweet exhausted his state remedies. The doctrine of exhaustion, as an instrument of comity, serves an interest of the state courts which a prosecutor may not ordinarily waive or concede unless the interest of justice so requires. Compare Trantino v. Hatrack, 563 F.2d 86, 96 (3d Cir. 1977), cert. denied, 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978) with Jenkins v. Fitzberger, 440 F.2d 1188, 1189-90 (4th Cir. 1971) (state's waiver operative in interest of justice and expedition)
 
 
 [6]
 Subsequent to State v. Elmore, those courts which have applied the standard enunciated in Craig to gender-based statutory rape provisions have reached contrary results. Compare United States v. Hicks, 625 F.2d 216 (9th Cir. 1980) and Meloon v. Helgemoe, 564 F.2d 602 (1st Cir. 1977), cert. denied, 436 U.S. 950, 98 S.Ct. 2858, 56 L.Ed.2d 793 (1978), with Rundlett v. Oliver, 607 F.2d 495 (1st Cir. 1979) and State v. Gray, 122 Ariz. 445, 595 P.2d 990 (1979). We note that the Supreme Court has recently granted certiorari in a case in which a state statutory rape provision was upheld by a 4 to 3 vote of the California Supreme Court. Michael M. v. Superior Court, 25 Cal.3d 608, 601 P.2d 572, 159 Cal.Rptr. 340 (1979), cert. granted, 447 U.S. 904, 100 S.Ct. 2984, 64 L.Ed.2d 853 (1980)
 
 
 [7]
 Initial consideration by the state courts is particularly appropriate because the court in State v. Elmore rejected a challenge to Oregon's statutory rape provision, Or.Rev.Stat. § 163.365(1)(b), not the forcible rape statute at issue here, id. § 163.375(1)(a). 546 P.2d at 1118. We note also that Elmore is not a decision of the Oregon Supreme Court, but of an intermediate appellate court
 
 
 [8]
 The district court also apparently relied on State v. Elmore and the futility exception to reach the merits of Henderson's petition, when it dismissed sua sponte in light of its decision in Sweet. Because Henderson and Sweet raise the identical challenge to the same statute, State v. Elmore is insufficient to invoke the futility exception with respect to Henderson's petition for the reasons discussed in Part II, supra
 
 
 [9]
 Collins and Neil participated in drafting the Act. 39 Or.L.Rev. at 337 n.*
 
 
 [1]
 Actual penetration is a necessary element of rape under Oregon law. State v. Kendrick, 239 Or. 512, 398 P.2d 471 (1965)