129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Delbert BLAIR, Petitioner-Appellant,
v.
Frank THOMPSON, Superintendent Oregon State, Respondent-Appellee.
 No. 96-35470.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 23, 1997.
 
 Appeal from the United States District Court for the District of Oregon Malcolm F. Marsh, District Judge, Presiding
 MEMORANDUM*
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 Richard Delbert Blair, an Oregon state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 2
 Blair contends that the district court erred in finding he had prccedurally defaulted his available state remedies, and further contends that he has demonstrated cause and actual prejudice for any default and that the failure to consider his claims would result in a miscarriage of justice. Both contentions lack merit.
 
 
 3
 State prisoners must exhaust all available state court remedies before federal courts may consider granting habeas relief. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 11 (1992). Exhaustion is satisfied when the prisoner "fairly" presents his claims to the state's highest court. See id. A prisoner does not fairly present his claims to the state's highest court by filing a new habeas corpus petition in a state's highest court on discretionary review. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Sweet v. Cupp, 640 F.2d 233, 238 (9th Cir.1981) (Oregon Supreme Court original jurisdiction in habeas corpus proceedings is discretionary; state habeas petition does not satisfy exhaustion requirement where prisoner entitled to remedy under post-conviction statute)
 
 
 4
 Under Oregon law at the time relevant to these proceedings, a petition for post-conviction relief was untimely unless filed within 120 days of the date the direct appeal became final. See Or. Rev Stat. 138.510(2) (amended 1993). Oregon law also provides that no ground for relief may be asserted in the postconviction petition "unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding." Or.Rev.Stat. 138.550(2) (1997).
 
 
 5
 Here, Blair directly appealed his convictions to the Oregon Court of Appeals and that court affirmed without opinion on June 5, 1991. Blair did not file a petition for review in the Oregon Supreme Court. Instead, more than two years later he filed a petition for post-conviction relief which the trial court apparently denied as untimely. Blair then appealed the denial of post-conviction relief to the Oregon Courtof Appeals, but did not appeal that court's dismissal to the Oregon Supreme Court. Accordingly, Blair failed to fairly present any of his claims to Oregon' 3 highest state court on direct appeal or via the postconviction petition proceedings. See Keeney, 504 U.S. at 11. Furthermore, Blair did not fairly present any of his claims by filing a new state habeas corpus petition in the Oregon Supreme Court. See Castille, 489 U.S. at 351; Sweet, 640 F.2d at 238. We also agree with the district court that Blair has failed to show cause and actual prejudice for his procedural default, and that a fundamental miscarriage of justice will not result if these claims are bar:ed. See Keeney, 504 U.S. at 11.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Blair filed a motion to add portions of the state trial transcripts in support of his claim of actual innocence. We deny the motion because Blair did not designate such transcripts on appeal. See Fed. R.App. P. 10. However, even if the motion were granted, the papers submitted fail to demonstrate a colorable claim of actual innocence