133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerrold E. RIVERA, Petitioner-Appellant,
v.
Margaret PUGH, Commissioner, Alaska Department of
Corrections, Respondent-Appellee
 No. 97-35187.
 United States Court of Appeals, Ninth Circuit.
 Dec. 24, 1997.
 
 Before WRIGHT, REAVLEY** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerrold E. Rivera appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. Because further pursuit of state remedies would be futile in this case, we reverse and remand for consideration of the merits.
 
 
 3
 We review de novo whether a claim has been exhausted in state court. Harris v. Pulley, 885 F.2d 1354, 1370 (9th Cir.1988). A state prisoner petitioning for habeas review under 28 U.S.C. § 2254 may be excused from exhausting state remedies where the highest state court has recently resolved the federal claims raised by the petitioner adversely to him, and there is neither an indication that the state courts intend to depart from their prior decision nor an intervening United States Supreme Court decision that might force such a departure. Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir.1981). This is such a case.
 
 
 4
 Rivera's procedural position is virtually indistinguishable from that of a petitioner in Burnett v. Municipality of Anchorage, 806 F.2d 1447 (9th Cir.1986). There the petitioner was excused from further resort to state forums after the state court of appeals rejected similar federal constitutional claims made by another petitioner and the state supreme court denied further review. Id. at 1449.
 
 
 5
 The federal double jeopardy challenge to Alaska's license revocation statute raised by Rivera here was considered and rejected by the Alaska State Court of Appeals in State v. Zerkel, 900 P.2d 744 (Alaska App.1995). The Alaska Supreme Court refused to review the appellate court's decision.
 
 
 6
 Confusion has arisen in this case because federal courts reviewing the double jeopardy claims of state prisoners must construe the purpose or effect of the challenged state laws, here a driver's license revocation scheme. United States v. Ursery, 116 S.Ct. 2135, 2412, 2147-49 (1996) (holding that ostensibly civil sanctions violate double jeopardy only when they are so punitive in purpose or effect to negate legislative intent to create a civil remedy).
 
 
 7
 In the district court, Rivera argued on the merits that the Zerkel decision misconstrued the purpose of Alaska's license revocation scheme for persons who refuse to take a breathalyzer test as distinct from those persons who fail to pass the test, relying on Lundquist v. Department of Public Safety, 674 P.2d 780 of an antecedent license revocation statute that applied only to persons refusing a test. On the other hand, he argued that further resort to Alaska state courts would be futile since the Zerkel decision had already rejected a double jeopardy challenge to the license revocation scheme.
 
 
 8
 Rivera cannot have it both ways. Either the Zerkel decision correctly construed Alaska law in its double jeopardy analysis, in which event further resort to the state courts would be futile, or it incorrectly construed Alaska law in its double jeopardy analysis, in which event Rivera's remedy is in state court, not federal court. A state prisoner may not argue for habeas relief in a federal court based on a state court's erroneous interpretation of state law. State prisoners may only have recourse to federal courts based on a state court's erroneous interpretation of federal law. Rivera's counsel conceded as much at oral argument, arguing that the Zerkel decision correctly interpreted Alaska law but incorrectly applied federal double jeopardy principles to the purposes it perceived in Alaska law.
 
 
 9
 In any event, we find Rivera's arguments based on Lundquist substantively indistinguishable from those of similarly situated petitioners before the Alaska Court of Appeals in Zerkel. He is excused from further resort to state appellate remedies and may pursue his petition on the merits before the district court. "The Law after all, should not require litigants to engage in empty gestures or to perform obviously futile acts." Allen v. Attorney General of the State of Maine, 80 F.3d 569, 573 (1st Cir.1996).
 
 
 10
 REVERSED and REMANDED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Judge for the Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3