**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-35732 |
| Plaintiff-Appellee, | D.C. Nos.  3:16-cv-00003-JKS |
| v. | 3:14-cr-00049-JKS-1 |
| DWIGHT WILLIAMS, AKA Dirty, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, District Judge, Presiding

Argued and Submitted December 7, 2020
Seattle, Washington

Before:  McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN,**
District Judge.

Dwight Williams, a federal prisoner, appeals from the district court's order

denying his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

262-month sentence for conspiracy to distribute a controlled substance. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

After the district court entered judgment on January 12, 2015, Williams filed a timely pro se habeas motion on January 4, 2016, that was followed by a counseled amended habeas motion on January 31, 2017. Because the amended motion was filed more than a year after the judgment became final, *see* 28 U.S.C. § 2255(f)(1), it was untimely, unless it related back to the original filing.

The district court held that the claim in Williams' amended habeas motion did not relate back, and was therefore untimely. We granted a certificate of appealability ("COA") as to whether the district court erred by concluding that the claim raised in Williams' amended 28 U.S.C. § 2255 motion was untimely.

We review de novo the district court's denial of a § 2255 motion, including whether a claim relates back to an original timely filing under Fed. R. Civ. P. 15. *See Alfaro v. Johnson*, 862 F.3d 1176, 1179-80 (9th Cir. 2017); *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010). We conclude that the district court did not err.

The allegations in the motions involve two different plea agreements and two different theories of alleged attorney misconduct. The original motion relied on counsel's conduct and advice concerning a guilty plea in December 2014. The amended motion relied on counsel's response to alleged government misconduct

2                                                                 18-35732

relating to plea negotiations during October and November 2014. Accordingly, the original and amended claims do not share "a common core of operative facts," but rather, rely on facts "that differ in both time and type." *Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005).

We decline to expand the COA to include the additional claims raised in Williams' opening brief. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999).

**AFFIRMED.**