NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRYCE ANTHONY JACKSON,

Petitioner - Appellant,

v.

ROB JACKSON,

Respondent - Appellee.

No. 24-6266

D.C. No.
3:23-cv-05988-JLR-TLF

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Bryce Anthony Jackson appeals pro se from the district court's judgment

dismissing his 28 U.S.C. § 2254 petition without prejudice for failure to exhaust

state court remedies. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Initially, the district court did not abuse its discretion by denying a stay and

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). *See Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014) (stating standard of review). Jackson opposed a stay before the district court, and the district court reasonably concluded that there was no showing of good cause to warrant a stay. *See id*. at 982 (discussing good cause showing to support a *Rhines* stay).

Jackson contends that the district court should have excused him from exhausting state court remedies because of undue delay in state proceedings and bias and corruption in the state courts. He also contends that the district court should have ordered the state to provide additional documents and conducted a more thorough review of the record. Jackson's arguments are unpersuasive. The record was sufficiently developed for the district court to address Jackson's exhaustion-related arguments, and the court properly rejected Jackson's requests to expand the record. *See Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (stating that a habeas proceeding "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence" (internal quotation marks omitted)). Further, upon de novo review, we agree with the district court's conclusion that Jackson's failure to exhaust should not be excused. *See Alfaro v. Johnson*, 862 F.3d 1176, 1179 (9th Cir. 2017) (stating standard of review). Jackson's allegations of bias and judicial misconduct by the state court of appeals are conclusory and unsupported; his disagreement with the court's rulings

is insufficient to show bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone rarely support an allegation of bias). We also conclude, as did the district court, that the record does not support Jackson's allegations of undue delay. At the time of the district court order, his personal restraint petition had been pending for about 13 months, and the available record reflects that the state court was addressing pending motions in a regular and timely fashion. *See Coe v. Thurman*, 922 F.2d 528, 530-32 (9th Cir. 1990) (discussing the requirements of establishing undue delay); *see also* 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

**AFFIRMED.**